IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE KLAMATH TRIBES, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION,<br><br>Defendant<br><br>KLAMATH WATER USERS ASSOCATION<br>and KLAMATH IRRIGATION DISTRICT,<br><br>Defendant-Intervenors. | Case No. 1:21-cv-00556-CL<br><br>OPINION & ORDER |

MCSHANE, Judge:

Magistrate Judge Mark D. Clarke filed a Findings and Recommendation ("F&R") on September 11, 2023, recommending the Court grant Defendants' motion for summary judgment (ECF No. 109). The matter is now before this Court on Defendants' objections. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). I review *de novo*. *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1998). I find no error and conclude the report is correct.

1 – OPINION & ORDER

**DISCUSSION**

Defendant Bureau of Reclamation ("Reclamation") and Defendant-Intervenor Klamath Water Users Association ("KWUA") raise three jurisdictional objections to Judge Clarke's F&R. First, Reclamation and KWUA argue that the case is moot because the claims of the Klamath Tribes ("the Tribes") lack redressability, leaving the Court unable to grant any meaningful relief. Def.'s Obj. 11, ECF No. 117; Def.-Int.'s Obj. 7, ECF No. 118. Second, Reclamation and KWUA argue that the complaint is moot because it does not satisfy the "capable of repetition, yet evading review" exception. Def.'s Obj. 5–6; Def.-Int.'s Obj. 5. Finally, Reclamation separately objects that the Tribes did not comply with the ESA's mandatory 60-day notice requirement. Def.'s Obj. 13. No objections were made to Judge Clarke's recommendation to dismiss Plaintiff's claims under Section 7 and Section 9 of the Endangered Species Act ("ESA"). The Court addresses each objection in turn.

**I.    Standing**

Defendants first object that the Tribes lack standing to sue because their claims for declaratory relief lack redressability and any judgment "therefore would be an improper advisory opinion." Def.'s Obj. 11; Def.-Int.'s Obj. 7.

To satisfy Article III's standing requirements, a plaintiff must show that: (1) they have suffered an "injury in fact;" (2) the injury is "fairly traceable" to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167, 180–81 (2000). "A case or controversy exists justifying declaratory relief only when 'the challenged government activity … is not contingent, has not evaporated or disappeared, and by

its continuing and brooding presence, cause what may well be a substantial adverse effect on the interest of the petitioning parties.'" *Headwaters, Inc. v. Bureau of Land Mgmt., Medford Distr.*, 893 F.2d 1012, 105 (9th Cir. 1989). The Ninth Circuit has repeatedly held that "where both injunctive and declaratory relief are sought but the request for an injunction is rendered moot during litigation, if a declaratory judgment would nevertheless provide effective relief the action is not moot." *Forest Guardians v. Johanns*, 450 F.3d 455 (9th Cir. 2006). A plaintiff therefore maintains standing to sue as long as the court is "not merely propounding on hypothetical questions of law" but is "resolving a dispute which has present and future consequences." *Northwest Envtl. Defense Ctr. v. Gordon*, 849 F.2d 1241, 1245 (9th Cir. 1988) (challenge to regulations governing 1986 salmon fishing season was not mooted by the close of the season because the damage could be mitigated "by allowing more fish to spawn in 1989").

The Tribes' harm is redressable, and they possess standing to sue in the present case. As the F&R asserts and the record supports, "drought conditions across the Klamath Basin are likely remain a 'brooding presence' over the Klamath Basin for the foreseeable future." F&R 22–23 (quoting *Nat. Res. Def. Council v. McCarthy*, 231 F. Supp. 3d 491, 498 (N.D. Cal. 2017)). A letter from Reclamation dated December 15, 2023, provides further support for this assertion. In that letter, Reclamation stated a now familiar refrain: "[t]he Klamath Basin is experiencing abnormally dry conditions" with the "potential to impact Reclamation's ability to ensure full compliance with Endangered Species Act (ESA) requirements." Pl.'s Resp. Ex. 1, at 1, ECF No. 119. Although it is true that the Tribes have abandoned specific injunctive relief, in order to ensure that similar violations do not occur in the future they still entitled to seek a declaratory judgment that Reclamation violated the ESA.

**II.    Mootness**

Defendants next object that the case is moot because Judge Clarke improperly found an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." ECF No. 109. This exception only applies in circumstances where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016). Plaintiff's claims satisfy both prongs of the mootness exception.

First, the duration requirement is clearly met. As Judge Clarke's F&R correctly observed, Supreme Court precedent on this point is definitive: "a period of two years is too short to complete judicial review[.]" F&R 22 (quoting *Kingdomware*, 579 U.S. at 170); *see also Alaska Fish & Wildlife Federation & Outdoor Council, Inc. v. Dunkle*, 829 F.2d 933, 939 (9th Cir. 1987). Here, Reclamation's challenged 2021 Temporary Operating Procedures ("TOP") were only in effect between April 15 and September 30, 2021—a period of approximately six months.

The Tribes' claim for declaratory relief also satisfies the "same action" requirement. A controversy is capable of repetition where there is "a reasonable expectation that [the parties] will again litigate the issue" or a "demonstrated probability" that the action will recur. *Biodiversity Legal Found. v. Badgely*, 309 F.3d 1166, 1174 (9th Cir. 2002); *Murphy v. Hunt*, 455 U.S. 478, 482, (1982). Defendants argue that the repetition requirement is not met because the Reclamation is now operating under a new TOP ("2023 TOP") and a new Biological Opinion requiring the agency to reinitiate ESA consultation if boundary conditions in the Upper Klamath Lake cannot be met. Defendants frame the issue too narrowly. The question is not whether

Reclamation might adopt a plan *identical* to the 2021 TOP. Rather, the question is whether Reclamation's operation of the Klamath Project and the agency's continued water resource allocation decisions are likely to affect three species of fish listed pursuant to the ESA: the endangered Lost River sucker (C'waam); the endangered shortnose sucker (Koptu); and the threatened coho salmon.

The fact that Reclamation has adopted similar TOPs in each of the past three years—in 2021, 2022, and 2023—together with the fact that drought conditions are likely to remain a "brooding presence" over the Klamath Basin for the foreseeable future suggests that recurrence of the controversy is more than "mere physical or theoretical possibility." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Indeed, Judge Clarke's finding that "[c]limate change … is likely to make high stress events more common" makes it even more likely that the issues presented in this case will recur. F&R 22–23. Finally, "the existence of a 'public interest in having the legality of … [Reclamation's] practices settled … [also] militates against a mootness conclusion.'" *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953).

### III.    Compliance with the ESA 60-day Notice Requirement

Reclamation finally objects that this Court lacks subject matter jurisdiction to hear the case because Plaintiff failed to comply with the 60-day notice requirement before suing under the ESA. Def.'s Obj. 13. This Court previously addressed the question of whether the Tribes complied with the ESA's 60-day notice requirement and found the requirement satisfied. *Klamath Tribes v. United States Bureau of Reclamation*, 537 F. Supp. 3d 1183, 1188 (D. Or. 2021); ECF No. 53 at 3. Defendants have offered no new argument that warrants disturbing this prior decision or the subsequent recommendation of Judge Clarke.

5 – OPINION & ORDER

The ESA provides in part that "[n]o action may be commenced … prior to sixty days after written notice has been given to the Secretary, and to any alleged violator of any such provision or regulation." 16 U.S.C. § 1540(g)(2)(A)(i). The purpose of the 60-day notice provision is to put the agencies on notice of a perceived violation of the statute and an intent to sue. When given notice, the agencies have an opportunity to review their actions and take corrective measures if warranted." *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998). Notice is a jurisdictional requirement and "failure to strictly comply with the notice requirement acts as an absolute bar to bringing suit under the ESA." *Id.*

A citizen "is not required to list every specific aspect or detail of every alleged violation. Nor is the citizen required to describe every ramification of a violation." *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 951 (9th Cir. 2002). Instead, the notice "need only provide enough information that the defendant can identify and correct the problem." *Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 651 (9th Cir. 2015). The analysis therefore turns on the "overall sufficiency" and purpose of the notice. *Id.*; *Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1073 (9th Cir. 1996) (examining "the letter as a whole" for notice sufficiency).

The Tribes provided the required statutory notice through the letter dated February 12, 2021. The Tribes' letter alleged that Reclamation failed to comply with Terms and Conditions 1c ("T&C 1c") of the 2020 Biological Opinion and Incidental Take Statement, thereby putting the agency on notice of a past violation. As this Court previously noted at the preliminary injunction stage, "[w]hile the Tribes' notice letter was forward-facing and primarily focused on the

potential threats to the C'waam and Koptu this year, the letter also noted Plaintiff's belief that 'Reclamation failed to comply with T&C 1c in 2020.'" *Klamath Tribes*, 537 F. Supp. 3d at 1188. The first paragraph of the notice letter also explicitly mentioned a perceived Section 7 violation and went on to explain the Tribes' belief that Bureau actions "would adversely modify the species' critical habitat." Gentry Decl., Ex. A at 1, ECF No. 5.

Even if the notice letter was anticipatory—and it was not—there is no controlling Ninth Circuit precedent as to whether anticipatory notices are permitted under the ESA. *See Colo. Envtl. Coal. v. Office of Legacy Mgmt.*, 819 F. Supp. 2d 1193, 1219–20 (D. Colo. 2011) (collecting cases); c*ompare Cascadia Wildlands v. Scott Timber Co.* 328 F. Supp. 3d 1119, 1131 (D. Or. 2018) ("neither the statute nor the case law supports a bright-line rule against anticipatory notice of future violations"), *with Lone Rock Timber Co. v. United States Dep't of Interior*, 842 F. Supp. 433, 440 (D. Or. 1994) (dismissing plaintiff's ESA claims for failure to comply with the statute's 60-day notice requirement because it was anticipatory).

The Tribes' notice provided sufficient information for Reclamation to ascertain the nature of the alleged violation and gave the agency sufficient time to address the issue and take corrective action.

## IV.     Conclusion

Magistrate Judge Clarke's Findings and Recommendation (ECF No. 109) is adopted in full. Plaintiff's motion for summary judgment (ECF No. 80) is DENIED. Defendant Reclamation's motion for summary judgment (ECF No. 87) and Defendant-Intervenor KWUA's motion for summary judgment (ECF No. 84) are GRANTED.

IT IS SO ORDERED.

      DATED this 7th day of February, 2024.

                                                 s/Michael J. McShane
                                                     Michael McShane
                                            United States District Judge